UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                           Case No.  8:01-cr-147-T-24 MAP

THOMAS JEROME COOK

_____/

**ORDER**

This cause comes before the Court on Defendant Cook's Motion for a New Trial Based on Newly Discovered Evidence. (Doc. No. 72). The Government opposes the motion. (Doc. No. 73).

In his motion, Defendant Cook argues that he is entitled to a new trial based on newly discovered evidence, pursuant to Federal Rule of Criminal Procedure 33(b)(1). Specifically, he argues that he learned that the Government's key witness at his trial, Edward Ramos, was on twenty-four months probation at the time that he testified at Defendant Cook's trial, that revocation proceedings had been instituted regarding Ramos' probation, and that Defendant Cook's defense attorneys were not informed of the conduct that resulted in the institution of revocation proceedings.

The Government responds that the evidence at issue is not newly discovered evidence; that the Government did not engage in prosecutorial misconduct, because it did not deliberately or intentionally withhold Ramos' criminal record; and that Defendant Cook cannot satisfy the four-prong test for newly discovered evidence. For the reasons stated below, the Court denies Defendant Cook's motion.

A defendant must satisfy a four-prong test in order to succeed on a motion for new trial based on newly discovered evidence. U.S. v. Johnson, 596 F.2d 147, 148 (5th Cir. 1979). Specifically, Defendant Cook must establish: (1) the evidence at issue is newly discovered and was unknown to him at the time of trial; (2) the evidence is material and not merely cumulative

or impeaching; (3) the evidence would probably produce an acquittal; and (4) the failure to learn of the evidence was not due to a lack of diligence on his part. See id. (citations omitted). Defendant Cook, however, fails to satisfy any of these four prongs.

The first prong is that Defendant Cook must establish that the evidence at issue is newly discovered and was unknown to him at the time of trial. Defendant Cook has not shown that the evidence at issue meets the definition of newly discovered evidence, which "'is evidence that could not have been discovered with due diligence at the time of trial.'" Id. (quoting U.S. v. Beasley, 582 F.2d 337, 339 (5th Cir. 1978)). Instead, the evidence at issue could have been found with due diligence by Defendant Cook's attorneys prior to trial. Furthermore, the Government contends that it made all of the evidence that it had about Ramos available to Defendant Cook's attorneys prior to trial.

The second prong is that Defendant Cook must establish that the evidence is material and not merely cumulative or impeaching. Defendant Cook has not satisfied this prong, because he argues that he wanted this information to *impeach* Ramos. Furthermore, the Court notes that some of the evidence at issue relates to arrests, rather than convictions, and as such, the arrests could only be used to impeach Ramos' credibility in limited circumstances.

The third prong is that Defendant Cook must establish that the evidence would probably produce an acquittal. Defendant Cook has not satisfied this prong.

The fourth prong is that Defendant Cook must establish that the failure to learn of the evidence was not due to a lack of diligence on his part. Defendant Cook has not satisfied this prong. As stated above, the evidence at issue could have been found with due diligence by Defendant Cook's attorneys prior to trial, since at least one of Defendant Cook's attorneys knew that Ramos was a confidential informant in this case before the case went to trial. Furthermore, the Government contends that it made all of the evidence that it had about Ramos available to Defendant Cook's attorneys prior to trial.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Cook's Motion for a New Trial Based on Newly Discovered Evidence (Doc. No. 72) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of April, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Pro Se Defendant
John Rudy, III, AUSA